BENJAMIN HARRIS, ADMINISTRATOR AD PROSEQUENDUM, PLAINTIFF, v. JOHN A. JOHNSON, DEFENDANT.

Argued January term, 1928—Decided July 2, 1928.

Before Justices PARKER, MINTURN and CAMPBELL.

For the plaintiff, *John P. Lloyd.*

*Contra, Stokes, McDermott & Hartshorne.*

PER CURIAM.

The case was tried in the Monmouth Circuit, and resulted in a verdict for six cents for the plaintiff. The material facts were that the plaintiff's intestate met her death while riding in an automobile, which was driven off the highway into a tree stump by the defendant.

The only reason assigned for the rule is that the damages are inadequate. The deceased was thirty-one years old. Her husband was forty-one years old, and both enjoyed good health. The deceased had been employed up to the time of her death at a Keyport hotel, and earned $20 weekly. The husband was an oyster opener by trade, and for some months prior to his wife's death had been employed on Long Island.

The husband paid his own board and sent his wife from $20 to $25 weekly. Together, as tenants by entirety, they owned a home and some lots encumbered by a building and loan mortgage of $3,100. The building and loan dues, as well as some installment payments on the furniture, were paid by the wife from the joint earnings.

The court charged the pertinent parts of the Death act on damages, but also said, "If after examining the evidence you are unable to say how much he has lost in a financial way, by reason of his wife's death, * * * should you be unable to answer that question intelligently so as to translate it into dallars and cents, then there would be only one thing for you to do, and that would be to return nominal damages, or, as we commonly say, six cents."

We think the jury may have misconstrued this language, which is substantially correct as a legal statement, and concluded that their verdict should be limited entirely to the record evidence. But the rule is laid down that "the jury must weigh probabilities, and to a large extent form their estimate of damages from conjectures and uncertainties."

In *Miller* v. *New Amsterdam Gas Co.*, 94 *N. J. L.* 508, the Court of Errors and Appeals declared "it is this preponderance of the aggregate probabilities, judicially termed the weight of the evidence, which furnishes the legal standard of proof in civil causes."

We think the rule should be made absolute as to damages only.